## AMAZIAH MAYO, JR. & others *vs.* COUNTY COMMISSIONERS OF HAMPDEN.

Hampden.   January 15. — 18, 1886.   DEVENS & GARDNER, JJ., absent.

Under the Pub. Sts. *c.* 22, § 22, county commissioners are not required to accept the lowest proposal for the construction of public works, but may make such contract therefor as, in their judgment, will be for the best interests of the county.

PETITION for a writ of mandamus, by certain citizens and tax-payers of Springfield, to compel the county commissioners of Hampden to award a contract for the construction of the jail and house of correction in said county to the first-named petitioner, who, as the petition alleged, was the lowest bidder for said work, and was able and ready to furnish good and sufficient sureties for the faithful performance of the contract.   The petition further alleged that the commissioners had awarded the contract to other persons, whose bid was larger than that of the first-named petitioner.   Annexed to the petition was a copy of the advertisement for proposals for bids, which stated that the commissioners reserved the right to reject any and all bids.

The respondents demurred to the petition.   The case was heard, upon the petition and demurrer, by *Field*, J., who sustained the demurrer, and at the request of the petitioners reported the case, for the consideration of the full court, such decree to be entered as justice might require.

*G. Wells*, for the respondents.

*E. B. Maynard & G. C. Spellman*, for the petitioners.

BY THE COURT.   We need not consider whether a private person can maintain a petition for a writ of mandamus to compel public officers to perform their duties, or to direct the manner in which they shall perform them.   It is enough for the decision of this case, that there has been, on the part of the respondents, no neglect to perform their duty, and no error in the manner in which they have performed it.

County commissioners are not required by law to accept the lowest proposal for public works.   The statute provides that all contracts for public works made by them shall, if exceeding $300 in amount, be made in writing, after notice for proposals therefor

has been published at least three times in some newspaper published in the county, city, or town interested in the work. Pub. Sts. *c.* 22, § 22. It does not provide that they shall accept the lowest proposal. It is clearly the intention of the Legislature that the county commissioners, after inviting competition by public notice, shall have the authority to make such contract as in their judgment the interests of the county require. In the case at bar, the commissioners fully complied with the statute. If, upon examining the various proposals, they were satisfied that Mayo, the lowest bidder, was an irresponsible person, unfit and incompetent to perform the work proposed, it was their right and duty to reject his proposal, and to make a contract with some other person, such as, in their judgment, was the most advantageous to the county.

*Petition dismissed.*