JOHN H. CONNORS & others *vs.* EMERSON STONE & others.

Suffolk. November 13, 1900. — January 4, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

St. 1899, c. 214, § 1, provided: "The county commissioners of the county of Worcester are hereby authorized to expend a sum not exceeding seventy thousand dollars for the purpose of completing, equipping and furnishing the court house now in process of erection at Worcester, under the authority of chapter four hundred and forty-nine of the acts of the year eighteen hundred and ninety-seven, and also for the improvement of the grounds and approaches connected with said court house. Of said sum an amount not exceeding five thousand dollars shall be expended in completing the construction of said court house." St. 1897, c. 449, above referred to, contained in § 3 the following provision: "The con-

tracts for said work shall be awarded to the lowest responsible bidder, said commissioners having the right to reject any and all bids." *Held,* that the reference to St. 1897, c. 449, was merely for the purpose of identifying the court house that was to be completed, equipped and furnished, and that a contract for the purchase of wooden furniture for the court house made under authority of St. 1899, c. 214, need not be awarded by the county commissioners to the lowest responsible bidder.

TORT, brought by contractors against the county commissioners of Worcester County for rejection of the plaintiffs' bid for supplying wooden furniture for the county court house. Writ dated June 26, 1899. The case came up on appeal from a judgment of the Superior Court, rendered by *Braley,* J., sustaining the defendants' demurrer to the plaintiffs' amended declaration.

The plaintiffs' amended declaration was as follows:

" And the plaintiffs say that in the month of April, 1899, they were general contractors; that by chapter 449 of the Acts of the year 1897 the county commissioners of the county of Worcester were authorized to build and equip a new court house for said county in the city of Worcester in said county, and that by said act it was provided that all contracts should be made by means of proposals for bids on the part of the county, which were to be advertised in certain newspapers, and that said contracts must be given to the lowest responsible bidder; that said act gave to the commissioners authority to reject any and all bids, but did not give them the right to reject any or all bids.

" That in the year 1899 the defendants were the county commissioners of the county of Worcester, and in said month of April, 1899, or about that time, the said county commissioners, acting under said statute and the subsequent acts in addition thereto, advertised for proposals for furnishing wooden furniture for said court house, the notices or propositions, on the part of the county commissioners, consisting of a ' Notice to Contractors,' a copy of which is hereto annexed and marked ' A,' a form of ' Proposal ' to be signed by bidders, a copy of which is hereto annexed and marked ' B,' and a blank form of contract containing in full all the requirements, conditions and specifications of said contract; that the plaintiffs duly signed and submitted to the said commissioners a bid for said contract, on one of said forms, wherein they offered to perform said contract for the sum of eleven thousand two hundred and thirty dollars, and the said

bid was accompanied by a certified check, as required by the commissioners, and all the requirements of the commissioners' 'Notice to Contractors' were duly observed by the plaintiffs, and the plaintiffs were the lowest responsible bidders for said contract, and they were always ready and willing to execute a formal contract and to perform said contract, and to comply with all just requirements of the said commissioners, and the plaintiffs were entitled to said contract, but the defendants, wrongfully, unlawfully, contrary to their duties as county commissioners, and to the provisions of chapter 449 of the Acts of 1897, rejected the plaintiffs' bid and refused to allow them to perform said contract, and awarded the said contract to another of those persons who bid for said contract when the plaintiffs did.

"And the plaintiffs were damaged by the refusal of the defendants to award to them said contract, in the sum of seven thousand dollars."

The "Notice to Contractors" referred to in the declaration as marked "A" ended with the sentence "The right is reserved to reject any or all proposals." The language of exhibits A and B was not otherwise material.

The defendants' demurrer was as follows:

"Now come the defendants in the above-entitled action and demur to the plaintiffs' amended declaration, and assign specifically as causes of demurrer the following:

"First. That the defendants, in whatever they did relating to the erection of a new court house in the city of Worcester, and in furnishing the same with wooden furniture, were engaged in the performance of a public duty imposed by law, and in consequence thereof are not answerable to this suit.

"Second. That the defendants, in furnishing said court house with wooden furniture, were not acting under the provisions of chapter 449 of the Acts of the year 1897, as alleged in the plaintiffs' declaration, but were acting under the provisions of chapter 137 of the Acts of the year 1897, and of chapter 214 of the Acts of the year 1899, and that said chapters 137 and 214 did not require the defendants to award contracts to the 'lowest responsible bidder,' and that consequently the defendants were under no obligation to award any contract to the plaintiffs.

"Third. If the defendants, in furnishing said court house

with wooden furniture, were acting under said chapter 449, as alleged in the plaintiffs' declaration, then that under the terms of said act it was in the discretion of the county commissioners to reject any and all bids offered, and that consequently the plaintiffs, if their bid was rejected, have no cause of action therefor.

"Fourth. If the defendants, in furnishing wooden furniture for said court house, were acting under the provisions of said chapter 449, as alleged in the plaintiffs' declaration, then that under the advertisements for proposals required by said act, the county commissioners reserved the right to reject any or all proposals, and consequently ,that the plaintiffs, if their bid was rejected, have no cause of action therefor."

St. 1899, c. 214, § 1, is as follows: "The county commissioners of the county of Worcester are hereby authorized to expend a sum not exceeding seventy thousand dollars for the purpose of completing, equipping and furnishing the court house now in process of erection at Worcester, under the authority of chapter four hundred and forty-nine of the acts of the year eighteen hundred and ninety-seven, and also for the improvement of the grounds and approaches connected with said court house. Of said sum an amount not exceeding five thousand dollars shall be expended in completing the construction of said court house."

St. 1897, c. 449, §§ 1 and 3, are as follows: "Section 1. The county commissioners of the county of Worcester are hereby authorized to sell, tear down or remove the brick court house standing on land now owned by said county, and situated on Main Street in the city of Worcester, and to erect on said land, or on any part of the adjoining land, a building which shall provide additional accommodations for the several courts of said county sitting at Worcester, and for the county offices and purposes. The expense which may be incurred in connection with the disposal or removal of said brick court house, and in the erection of the building authorized by this act, shall not exceed the sum of three hundred and fifty thousand dollars, and shall be paid out of the treasury of said county."

"Section 3. The commissioners, after said plans have been so approved by them, shall advertise for proposals for said work. Such advertisements shall be published in at least two daily

newspapers in the city of Boston, and in at least two daily newspapers in the city of Worcester, for at least two weeks successively prior to the time specified therein for opening said proposals, and said proposals shall not specify any particular party or parties from whom the person receiving the contract shall purchase his materials. The contracts for said work shall be awarded to the lowest responsible bidder, said commissioners having the right to reject any and all bids."

T. J. Gargan & S. C. Brackett, for the plaintiffs.

R. Hoar & G. S. Taft, for the defendants.

BARKER, J. The action is in tort and the substance of the declaration is that the plaintiffs were the lowest responsible bidders for the contract to supply the wooden furniture for the new Worcester court house; that the defendants were the county commissioners of the county and that it was their official duty to award the contract to the plaintiffs, and that contrary to that duty the defendants wrongfully and unlawfully rejected the plaintiffs' bid and awarded the contract to another bidder.

County commissioners are statutory officers. Their acts with reference to court houses may be under statutes of general application, or under special enactments by which they are designated to perform particular services, in which latter case they do not act as agents of the county. *Opinion of the Justices*, 167 Mass. 599. *Morse* v. *Norfolk*, 170 Mass. 555. Pub. Sts. c. 22, § 20, cl. 1, § 22. St. 1897, c. 137.

The county commissioners of Worcester were given special authority to provide additional accommodations for the courts of the county sitting at Worcester by several special statutes. The first authorized them to erect an addition to the court house. St. 1896, c. 350. When this act was passed there were upon the land of the county on Main Street in Worcester two court houses, one of granite and one of brick. The second statute authorized the commissioners to sell and remove the brick court house and to erect a building which should provide additional accommodations for the courts of the county sitting at Worcester. St. 1897, c. 449. In the first act the limit of $350,000 was fixed for the expense to be incurred in building the addition including the cost of additional land and in the second act, which repealed the first, the same limit was fixed for the expense which might

be incurred in connection with the removal of the brick court house and in the erection of the new building, and to meet these expenses the commissioners were authorized to borrow on the credit of the county a sum not exceeding $350,000. St. 1896, c. 350, §§ 1, 8. St. 1897, c. 449, §§ 1, 9. Under the second statute the new building was erected. The third special statute took effect on March 30, 1899. St. 1899, c. 214. By it the county commissioners were authorized to expend a sum not exceeding $70,000 " for the purpose of completing, equipping and furnishing the court house now [then] in process of erection at Worcester, under the authority of chapter four hundred and forty-nine of the acts of the year eighteen hundred and ninety-seven, and also for the improvement of the grounds and approaches connected with said court house." Of this sum the act provided that an amount not exceeding $5,000 should " be expended in completing the construction of said court house," and it authorized the commissioners to borrow " a sum or sums not exceeding seventy thousand dollars in addition to the sums provided for in said act." St. 1899, c. 214.

After the passage of the act of 1899, the defendants, as county commissioners, issued a notice inviting proposals for wooden furniture for the court house, which notice reserved the right " to reject any or all proposals." On April 25, 1899, the plaintiffs submitted a proposal which complied with the requirements of the defendants' notice. We assume in deciding whether the demurrer was sustained rightly that the plaintiffs were responsible bidders and their proposal the lowest bid.

In the special statute of 1897 was a provision with reference to the contracts for the construction and equipment of the new building, expressed in these words: " The contracts for said work shall be awarded to the lowest responsible bidder, said commissioners having the right to reject any and all bids." St. 1897, c. 449, § 3. The plaintiffs contend that this provision was binding upon the defendants in awarding the contract for wooden furniture for which the plaintiffs bid, and found this contention upon the reference in the statute of 1899 to the statute of 1897.

But the provisions of the earlier statute, as to the making of contracts, dealt only with contracts for the " construction and

equipment" of the new building, while by the later act the commissioners were authorized to expend money for furnishing, as well as for completing and equipping the new building, and for the improvement of the grounds and approaches. We think the reference to the former act in the first section of the later one was merely to identify the court house which the commissioners were authorized to complete, equip and furnish, as the one then in process of erection at Worcester under the former act. The work of construction and equipment must, under the provisions of the earlier act, have been entirely provided for originally by contracts entered into before the passage of the act of 1899. It was not intended by the act of 1899 to place the restrictions provided for by the act of 1897 upon the making of contracts for furnishing the court house, or for the improvement of its grounds and approaches. If it had been intended to provide that all the restrictions of the earlier act should govern the commissioners in executing the authority given by the later one a specific statement to that effect would have been inserted, or at least the reference to the former act would have been placed at the end of the sentence, after the enumeration of all the purposes for which authority was given, and not in a position where its grammatical construction is merely further to identify the court house mentioned.

We are therefore of opinion that the defendants, in contracting for the wooden furniture of the new court house under the authority given them by St. 1899, c. 214, were restricted only by the general enactments defining the powers and duties of county commissioners. These did not require them to award the contract to the lowest responsible bidder. Pub. Sts. c. 22, §§ 20, 22. St. 1897, c. 137, §§ 1, 2.

As the defendants were governed by no such statutory requirement as that for which the plaintiffs contend, and as there is no allegation that in rejecting their proposal the defendants acted corruptly or from malice, the demurrer was sustained rightly.

This result makes it unnecessary to consider the other grounds to which the arguments of counsel were addressed.

> *Order sustaining the demurrer affirmed ; judgment for the defendants affirmed.*