JOSEPH H. LARKIN & another *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

SAME *vs.* SAME.

Middlesex.    February 4, 1931. — February 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, & FIELD, JJ.

*County Commissioners.*

County commissioners of the county of Middlesex who, under G. L. c. 34, § 17, as amended by St. 1922, c. 383, posted and advertised a notice inviting bids for work in connection with the construction of a house of correction under St. 1929, c. 381, containing in the specifications the provision, "The commissioners reserve the right to reject any or all bids or accept any bid they deem to be for the best interest of the County," were not required as a matter of law to award the contract to the lowest responsible bidder: the statutes left to the county commissioners the exercise of reasonable judgment as to the letting of the contract.

PETITION for a writ of mandamus, and a BILL IN EQUITY, filed on November 17, 1930, in the Supreme Judi-

cial Court for the county of Middlesex, and described in the opinion.

The respondents and defendants demurred in each case. The demurrers were heard by *Sanderson,* J., and were sustained. In the petition for a writ of mandamus, the petitioners alleged exceptions. In the suit in equity, the plaintiffs appealed.

*J. J. Twitchell,* for the petitioners.

*L. A. Mayberry,* (*H. L. Barrett* with him,) for the respondents.

Rugg, C.J. These two proceedings, one a petition for a writ of mandamus and the other a suit in equity, have the same object. They are brought to compel the defendants as county commissioners for the county of Middlesex to award to one of the plaintiffs a certain contract for the doing of plumbing work in connection with the construction of a new house of correction for the said county under the provisions of St. 1929, c. 381. They are brought under G. L. c. 34, § 17, as amended by St. 1922, c. 383. So far as material that section requires that contracts such as the contract here in question shall be made after notice inviting bids therefor, posted and advertised as therein provided, and that the county commissioners in every such case shall file with the county treasurer a sworn certificate of such posting and advertising, and that " All bids shall be publicly opened in the presence of the commissioners and recorded in their records. No contract made in violation of this section shall be valid against the county, and no payment thereunder shall be made." It is alleged that in accordance with these preliminaries Joseph H. Larkin was a bidder for doing the plumbing work and submitted the lowest bid therefor strictly in accordance with the terms of the advertisement and specifications; that he is experienced in this particular business and in every way a responsible contractor fully competent financially and by experience and with necessary equipment and paraphernalia to perform the required work and has complied with and is ready to perform every condition of the advertisement, plans and specifications for

signing and executing the contract; and that the county commissioners have rejected his bid and made an award of the work to another bidder for a substantially larger sum. There are no allegations of bad faith, fraud or corruption on the part of the defendants. The advertisement in question referred to plans and specifications which formed the basis of the bids. The specifications contained this clause: " RIGHT TO REJECT BIDS. The commissioners reserve the right to reject any or all bids. or accept any bid they deem to be for the best interest of the County." The defendants demurred in each case.

The main contention of the plaintiffs is that under the governing statute already summarized and in part quoted it was the duty of the defendants to award the contract to Joseph H. Larkin. This contention cannot be sustained. It is to be observed that there is not in the statute, either by express words or by fair implication, a provision to the effect that the contract shall be awarded to the lowest responsible bidder. Such a provision is not infrequent. See, for example, *Burt* v. *Municipal Council of Taunton,* 272 Mass. 130, 133, and cases cited; *People* v. *Commissioners of Buffalo County,* 4 Neb. 150. The omission of a provision of that nature cannot be regarded as without significance. The statute here in question required open competitive bidding upon a common footing after a proper advertisement. It insures full publicity as to the contract and conduces toward the guarding of the public welfare. *Sweezey* v. *Mayor of Malden,* 273 Mass. 536. *Morse* v. *Boston,* 253 Mass. 247. After all this has been done, however, the statute still leaves to the county commissioners, charged with the heavy responsibility of acting at all times for the best interests of the public, the exercise of reasonable judgment as to the letting of the contract. There was here in the specifications an express reservation to the commissioners of the right to reject any and all bids. Bidders were, therefore, under no misapprehension. The case is governed in principle by *Mayo* v. *County Commissioners,* 141 Mass. 74, and *Connors* v. *Stone,* 177 Mass. 424. See *Murdough* v. *Revere,* 165 Mass. 109; *Edge Moor Bridge*

*Works* v. *Bristol*, 170 Mass. 528. There is every presumption in favor of the honesty and good faith of the defendants in the performance of their official duties. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50.

No question as to parties plaintiff or form of remedy has been considered because, making every assumption in favor of the plaintiffs, no ground for relief on the merits is set out. In the petition for a writ of mandamus the entry may be, exceptions overruled, and in the suit in equity the interlocutory and final decrees are affirmed.

*Ordered accordingly.*