AMEDEE ARCHAMBAULT & others *vs.* MAYOR OF LOWELL & others.

Middlesex.    January 5, 1932. — March 1, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Municipal Corporations,* Contract, Officers and agents. *Contract,* Validity. *Equity Pleading and Practice,* Master: findings; Decree.

A finding by a master, to whom was referred a suit in equity against certain officers of a city under G. L. c. 40, § 53, that an award of a contract by the defendants was not made in bad faith or arbitrarily "unless, as matter of law, an award against the best interests of the city is made in bad faith or in an arbitrary manner," was not open to objection on the

ground that it was "inconsistent with the law," since the master expressly excluded any question of law from the finding; nor did a decree confirming the master's report imply a ruling on the question of law so reserved: the question was left open for consideration by the judge in determining what decree should be entered on the report as confirmed.

G. L. c. 43, §§ 28, 29, in the amended form appearing in St. 1928, c. 300, §§ 1, 2, purport to deal with the whole subject matter of the award of contracts by cities subject to c. 43, and, even as to contracts outside the scope of said § 28, as so amended, supersede the provisions of previous charters of such cities concerning that subject, including the provision of St. 1921, c. 383, § 46, that "All contracts for more than five hundred dollars involving material or labor shall be awarded to the lowest responsible bidder."

In the absence of an express requirement that municipal contracts be awarded to the lowest responsible bidder, such a requirement is not to be implied, but it is to be inferred that the awarding of contracts is left to the reasonable judgment of the municipal officers charged with responsibility therefor.

There being no provision in the ordinances of a city having a Plan B charter under G. L. c. 43, that its contracts in excess of $500 must be awarded to the lowest responsible bidder, a contract of such a city awarded in 1931 was not illegal merely by reason of the fact that it was not awarded to the lowest responsible bidder.

This court, assuming, without deciding, that advertising for bids was, by G. L. c. 43, § 28, as amended by St. 1928, c. 300, § 1, or by the ordinances of a city having a Plan B charter, a prerequisite to the awarding of a contract involving more than $500 for the operation and storage of vehicles used in the ambulance service, *held*, that the contract was not illegal in that it and the contractor's bid did not conform to the specifications by reason of their containing a provision for certain laundry work not contained in the specifications, where the advertisement for bids stated that bidders could obtain the specifications at a certain office, "together with the proposal blanks to be used in the making of proposals," and all bids were made upon such blanks, which contained the provision for laundry work, and it did not appear that the bidders thereby were prevented from bidding intelligently or placed on an unequal footing with respect to one another.

A master, to whom was referred a suit in equity against certain officers of a city under G. L. c. 40, § 53, found that a contract was awarded by the defendants to one who was not the lowest responsible bidder; that the best interests of the city required the award of the contract to the lowest responsible bidder, although "intelligent and honest men might reasonably be of a different opinion"; that the successful bidder had rendered satisfactory service for many years under previous contracts; and that the defendants, taking into consideration the proved reliability of the successful bidder and having appreciation for his past services, believed that in awarding the contract to him they were acting in the best interests of the city and that the unsuccessful bidder would not render as good service; and that the award was not made arbitrarily or in bad faith "unless, as matter of law, an award against the best

interests of the city is made in bad faith or in an arbitrary manner."
*Held,* that

(1) The award, merely because it was, in the opinion of the master, against the best interests of the city, was not made arbitrarily or in bad faith as a matter of law;

(2) The conclusion by the master, that the award was not made in bad faith or arbitrarily, was not inconsistent with the other facts found by the master;

(3) The defendants' exercise of their judgment reasonably and in good faith could not be reviewed nor could the judgment of the master be substituted therefor.

Further facts found by the master in the suit in equity above described did not support a conclusion that the mayor of the city acted arbitrarily or in bad faith in approving the contract under G. L. c. 43, § 29.

BILL IN EQUITY under G. L. c. 40, § 53, by eleven taxable inhabitants of the city of Lowell, filed in the Superior Court on June 13, 1931, and afterwards amended.

The suit was referred to a master. Material findings by him are stated in the opinion. By order of *Broadhurst,* J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiffs appealed from both decrees.

The case was submitted on briefs.

*J. J. Bruin,* for the plaintiffs.

*H. V. Charbonneau,* City Solicitor, & *W. J. White,* for the defendants.

FIELD, J. This bill in equity was brought by ten or more taxpayers of the city of Lowell under G. L. c. 40, § 53, to restrain the mayor, the city treasurer, the city auditor and the board of health from expending money under a contract for ambulance service awarded to the J. H. Sparks Company, and for other relief, on the ground that the contract was illegal. The case was referred to a master by an order of reference which did not require a report of evidence. See *Dobias* v. *Faldyn, ante,* 52, 56. He made a report to which the plaintiffs filed objections. By an interlocutory decree these objections — treated as exceptions under the rule — were overruled, and the report was confirmed. A final decree dismissing the bill with costs was entered. The plaintiffs appealed from both decrees.

The master found that a city ordinance of July 6, 1926,

provided that the board of health should award a contract annually for the operation and storage of vehicles used in the ambulance service, herein referred to as an ambulance contract; that the board of health, consisting of three persons, by a majority awarded such a contract in 1931 to the J. H. Sparks Company, for $4,992, that the mayor approved the contract — the approval of the mayor and of the board of health are affixed thereto — and that the city of Lowell was about to expend money thereunder through the city auditor and the city treasurer. The master found in detail the terms of the contract and the circumstances under which it was awarded. He found that "so far as it is a question of fact . . . the plaintiff, Amedee Archambault, was the lowest responsible bidder," and that in the opinion of the mayor and of one member of the board of health he was the lowest responsible bidder. The master found, however, that the two other members of the board of health believed they were acting in the best interests of the city in awarding the contract to ,the J. H. Sparks Company, and that "unless as matter of law an award made against the best interests of the city is an award made in bad faith," these members of the board of health "acted in good faith in making the award to the J. H. Sparks Company and . . . unless an award against the best interests of the city is as matter of law an award made in an arbitrary manner, said award was not made in an arbitrary manner." He found, if material, that in his opinion the best interests of the city required the award of the contract to Archambault, but found further that "intelligent and honest men might reasonably be of a different opinion," and, therefore, that "the award was not made by the board of health in an arbitrary manner or in bad faith unless, as matter of law, an award against the best interests of the city is made in bad faith or in an arbitrary manner."

The interlocutory decree overruling the exceptions and confirming the report was proper. There is no merit in the exceptions. The exception "to the finding of the master that the award of the contract, although made against the best interest of the city, was not made in bad faith, for

the reason that said finding and conclusion is inconsistent with the law" does not state the master's finding and conclusion accurately. The master expressly excluded from his findings any finding or conclusion whether as matter of law an award made against the best interests of the city was made in bad faith, or in an arbitrary manner. Confirmation of the report, therefore, did not imply a ruling on the question of law so reserved, but left it open for consideration by the judge in determining what decree should be entered on the report as confirmed. By the other exceptions the plaintiffs attempted to raise questions whether certain findings and conclusions of the master were warranted by the evidence. Since the evidence was not reported no such question was open before the judge nor is open before us on appeal.

The final decree dismissing the bill was proper, since it does not appear from the facts found by the master that the contract was illegal. The plaintiffs attack its legality on three grounds, (a) that it was not awarded to the lowest responsible bidder, (b) that the bid of the J. H. Sparks Company and the contract awarded to that corporation did not conform to the specifications referred to in the advertisement for bids, and (c) that the award of the contract was against the best interests of the city, arbitrary and in bad faith.

1. The contract was not illegal on the ground that it was not awarded to the bidder found by the master to be the lowest responsible bidder.

Neither the charter of the city nor, so far as appears, any ordinance in terms requires such a contract to be awarded to the lowest responsible bidder if the award in other respects is unobjectionable. After January, 1922, the charter of the city was a Plan B charter as set forth in G. L. c. 43, §§ 1–45, and 56–63, as amended. Section 29, as amended by St. 1928, c. 300, § 2, provides that contracts involving $500 or more shall be in writing with the approval of the mayor and of the department or board making it affixed thereto. These requirements were fulfilled. Section 28, as amended by St. 1928, c. 300, § 1,

provides that "No contract for construction work or for the purchase of apparatus, supplies or materials, whether for repairs or original construction, the estimated cost of which amounts to five hundred dollars or more," except in cases of special emergency, "shall be awarded unless proposals for the same have been invited by advertisements," with detailed provisions as to publication; that the advertisements "shall reserve to the city the right to reject any or all of such proposals," and that "such proposals shall be opened in public." See also § 27. These sections purport to deal with the whole subject matter of the award of contracts and, even if, as contended by the defendants, § 28 is not applicable to the contract in question, supersede the provisions of the prior charter of the city concerning this subject matter, including the provision of St. 1921, c. 383, § 46, that "All contracts for more than five hundred dollars involving material or labor shall be awarded to the lowest responsible bidder." See G. L. c. 43, § 11; *Safford* v. *Lowell*, 255 Mass. 220, 224, and cases cited. See also *King* v. *Mayor of Quincy*, 270 Mass. 185, 187–188. It is not to be inferred that this provision of § 46 of the former charter, being in general terms, remains in force as to contracts outside the scope of § 28 of the present charter, though not in force as to contracts within its scope. In the absence of the not unusual provision requiring contracts to be awarded to the lowest responsible bidder such a requirement is not to be implied, but it is to be inferred that the awarding of contracts is left to the reasonable judgment of the municipal officers charged with responsibility therefor. *Larkin* v. *County Commissioners*, 274 Mass. 437. See also *Mayo* v. *County Commissioners*, 141 Mass. 74; *Connors* v. *Stone*, 177 Mass. 424, 430.

2. The contract was not illegal on the ground that the bid and the contract did not conform to the specifications referred to in the advertisement for bids, even if we assume in favor of the plaintiffs — as we do not decide — that, in this case, advertising for bids was required either by G. L. c. 43, § 28, as amended by St. 1928, c. 300, § 1, or

by a provision in the ordinance of July 6, 1926, specifically requiring such advertising for bids for contracts for ambulance service. See *Oliver* v. *Gale,* 182 Mass. 39; *Clarke* v. *Fall River,* 219 Mass. 580, 584–585.

The advertisement for bids contained the following provision: "Specifications for such service are on file and may be obtained at the office of the Board of Health in City Hall, together with the proposal blanks to be used in the making of proposals." The "Specifications" described as such in this advertisement contained no provision in regard to laundry work. All bids, however, including that of the J. H. Sparks Company were made on forms furnished by the board of health containing provisions that this work should be performed at the expense of the city. The contract, also, contains such a provision. The master found that, so far as it was a matter of fact, the bid of the J. H. Sparks Company and the contract were in accordance with the specifications. We think that this finding was not, in substance, inconsistent with the facts recited. The advertisements notified prospective bidders that forms furnished by the board of health were to be used in submitting bids, and put them on notice of the terms on which bids were to be made. These forms were to be obtained at the same place as the "Specifications." Perhaps the provision in regard to laundry work might better have been included in the "Specifications," so described, rather than in the forms furnished by the board of health, but it cannot be inferred, and it has not been shown by proof, that prospective bidders were not given adequate opportunity to learn the details of the proposed contract so that they could bid intelligently, or were not placed upon the equal footing essential to fair competition. See *Sweezey* v. *Mayor of Malden,* 273 Mass. 536, 542; *Devir* v. *Mayor of Malden,* 277 Mass. 502, 507–508.

3. The contract was not illegal on the ground that it was awarded against the best interests of the city, arbitrarily or in bad faith.

The responsibility for awarding the contract according to the best interests of the city rested upon the municipal

officers. The exercise of their judgment reasonably and in good faith cannot be reviewed by the court. *Larkin* v. *County Commissioners*, 274 Mass. 437, 439–440. The judgment of the master or of the court cannot be substituted for the judgment of these officers merely upon a showing that, in the opinion of the master, the best interests of the city required the award of the contract to the plaintiff Archambault when, as here, "intelligent and honest men might reasonably be of a different opinion." An award which, in the opinion of the master, is against the best interests of the city is not for that reason alone, as matter of law, "made in bad faith or in an arbitrary manner."

The case, therefore, is left with an express finding of fact by the master that the award of the board of health was not made in bad faith or arbitrarily. None of the subsidiary findings of fact are inconsistent with this conclusion. The master found that the "J. H. Sparks Company had rendered high grade, satisfactory ambulance service to the city of Lowell under different administrations for a period of about twenty-two years and had some employees who were trained in first aid and had considerable experience in the service." He found that the two members of the board of health who voted for the award believed that in so doing they were acting in the best interests of the city and that the plaintiff Archambault would not render as good service as the J. H. Sparks Company had rendered in the past. That not only the proved reliability of the J. H. Sparks Company but also appreciation of the past service of that corporation, for which it had been amply paid, entered into the consideration of one of these members of the board of health is not sufficient to overcome the master's finding that the board of health acted in good faith and not arbitrarily.

There is no specific finding that the mayor in approving the contract as required by G. L. c. 43, § 29, acted in bad faith or arbitrarily. Nor do the subsidiary findings support such a conclusion. Such a conclusion is not to be drawn from the fact that the mayor believed Archambault to be the lowest responsible bidder, and the fact that before bids

were submitted he told Archambault that he would approve a contract with him if he was the lowest responsible bidder. The previous contract for ambulance service expired at midnight of the day the mayor approved the contract with the J. H. Sparks Company and if he had not approved it on or before that day the city would have been without an ambulance contract. No contract with Archambault for ambulance service was submitted by the board of health to the mayor for his approval, and he could not have entered into such a contract without action by the board of health. That board under the ordinance had the duty of awarding contracts for ambulance service. See G. L. c. 43, § 5; *United States Drainage & Irrigation Co.* v. *Medford*, 225 Mass. 467, 471–472. Moreover G. L. c. 43, § 29, required the approval of the board of health to be affixed to such a contract. *Clarke* v. *Fall River*, 219 Mass. 580, 583–585, does not support the petitioners' contention that the mayor could have made an ambulance contract without action by the board of health.

It follows that the interlocutory decree must be affirmed, and the final decree affirmed with costs.

*Ordered accordingly.*