KATHERINE L. SLOCUM & others *vs.* CITY OF MEDFORD & others.

Middlesex.     October 10, 1938. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Municipal Corporations,* Contracts, Officers and agents.  *Contract,* Validity.

In the absence of some specific provision of law, there is no absolute obligation to award to the lowest responsible bidder a contract, required by a municipal ordinance to be submitted for bids "reserving the right to reject any or all of them."

A petition in equity under G. L. (Ter. Ed.) c. 40, § 53, to enjoin the expenditure of money by a city under a contract alleged to have been unlawfully awarded was dismissed where requisite formalities were complied with and it did not appear that the city officers in awarding the contract to a bidder other than the lowest responsible bidder acted corruptly or in bad faith or so unreasonably or arbitrarily as to be guilty of a plain abuse of discretion.

PETITION, filed in the Superior Court on February 17, 1938.

The petitioners averred in substance that a contract for collection and removal of garbage should have been awarded

"to the lowest responsible bidder"; that it was awarded "to the Riverside Disposal Company, a corporation if there be such a corporation, and whose name does not appear within the list of bidders"; that such award to a corporation whose name did not appear in the list of bidders was wholly outside the corporate powers of the city; and that in making such award the agents and officers of the city acted "in bad faith, wrongfully and in excess of the power conferred in them, and in violation of their oath of office." There was no averment respecting a change of the award to James Sacco doing business as Riverside Transportation Company.

The respondents' answer among other averments stated that after the making of the contract with Riverside Disposal Company, the rights thereunder were released and on February 19, 1938, a new contract was made with "James Sacco, doing business as Riverside Transportation Company."

The master in his report, in summarizing averments of the petition, stated that it was averred there that, after the filing of the petition and service of a subpoena on the board of health, a new award was made to Sacco; and he so found.

After hearing by *M. Morton*, J., a final decree was entered dismissing the petition. The petitioners appealed.

The case was submitted on briefs.

*D. J. O'Connell* & *W. P. Thompson*, for the petitioners.

*G. E. Constantino*, City Solicitor, & *M. E. Gallagher, Jr.*, Assistant City Solicitor, for the respondents.

Qua, J. By this petition brought under G. L. (Ter. Ed.) c. 40, § 53, the petitioners as taxable inhabitants of Medford seek to restrain the city and its mayor and board of health from expending money under an alleged five year contract with Riverside Disposal Company for the collection and removal of garbage.

From the master's report it appears that after the bringing of this proceeding the only contract mentioned in the petition was cancelled by both parties before it went into operation, and that another or substitute contract between the city and one Sacco, doing business as the Riverside

Transportation Company, was substituted.  There is now plainly no intent to expend money under the contract described in the petition, and it would seem that the issue raised by the petition has become moot, and that the case could be disposed of on that ground.  But the case has been fully tried and argued as if it involved the legality of expenditures under the substituted contract with Sacco, and as the petition could be amended, we prefer to deal with the case as the parties have dealt with it.

Under the charter of Medford contracts of this kind are negotiated in the first instance by the board of health, but no contract involving $100 or more "shall be deemed to have been made or executed until the approval of the mayor is affixed thereto."  Where the cost is $500 or more bids must be advertised for, "reserving the right to reject any or all of them."  St. 1903, c. 345, § 39, as amended by St. 1906, c. 252, § 5.  *United States Drainage & Irrigation Co.* v. *Medford,* 225 Mass. 467, 472.  In this instance the board duly advertised, and seven bids were received.  The board at first voted to grant the contract to James P. Hahesy Inc., which had been previously doing the same work, was equipped for it, and was the lowest responsible bidder.  The mayor refused to approve a contract with James P. Hahesy Inc.  The second lowest bidder was Sacco under the name Riverside Transportation Company. Upon the rejection by the mayor of the Hahesy contract the board voted to award a contract to Sacco "of the Riverside Transportation Company."  In the meantime Sacco and others had formed the Riverside Disposal Company in order to keep the collection of offal separate from Sacco's business as the Riverside Transportation Company.  The first completed contract was executed between the city and the disposal company, but a few days after this proceeding was brought a second and substitute. contract was executed between the city and Sacco, doing business as the Riverside Transportation Company.  This change was made so that the contract should be in the name of the actual bidder.

In granting the final contract to Sacco there appears

to have been full compliance with all the formal require-
ments of the charter. In the absence of some special provi-
sion of law there is no absolute obligation to give a contract
to the lowest responsible bidder. *Larkin* v. *County Com-
missioners,* 274 Mass. 437, 439. It was the duty both of the
mayor and of the board to exercise in full honesty and good
faith their deliberate judgment as to which bidder would
best serve the public interest. There may be reasons leading
to an honest belief that it would be safer to entrust the
work to one whose bid is somewhat above the lowest. The
decision lies in the administrative field and not in the judicial
field. The court can interfere only where it is shown that
the officer or officers charged with the duty of making the
decision have acted corruptly or in bad faith or so unrea-
sonably or arbitrarily as to be guilty of a plain abuse of
discretion. *Mayo* v. *County Commissioners,* 141 Mass. 74.
*Connors* v. *Stone,* 177 Mass. 424, 430. *Burke* v. *Metropolitan
District Commission,* 262 Mass. 70, 75. *Larkin* v. *County
Commissioners,* 274 Mass. 437. *Archambault* v. *Mayor of
Lowell,* 278 Mass. 327, 334.

The facts found by the master do not reach to the required
degree of proof. They need not be recited in detail. It
would seem that if it had not been for the opposition of the
mayor the board of health would have given the contract
to James P. Hahesy Inc. The mayor had known Sacco for
many years and favored giving him the contract, but this
alone is not enough. *Dealtry* v. *Selectmen of Watertown,*
279 Mass. 22, 27. Apparently the master felt that the
contract ought to have been given to the Hahesy company
and was not impressed by some of the reasons offered
by the mayor for his disapproval. But it is found that the
mayor was not actuated by considerations of monetary
gain to himself, and there is no finding of corruption or
bad faith on the part of either the mayor or the board in
finally granting the contract to Sacco. One of the reasons
advanced by the mayor was the number of complaints
about the collecting of offal during the previous five
years while the Hahesy company was collecting. There
were four thousand eight hundred eighty-six of these

complaints. There is nothing to show whether this was an abnormal number in that period of time. So far as appears it may have been. At least the mayor may have honestly thought it was and may have so persuaded the board. "Every presumption . . . [must be] indulged in favor of the honesty of purpose of the defendants as public officers." *MacDonald* v. *Street Commissioners of Boston,* 268 Mass. 288, 297. There is not enough to show conduct so unreasonable and arbitrary as to amount to abuse of discretion and so to bring the case within the sphere of judicial interference. *Larkin* v. *County Commissioners,* 274 Mass. 437. *Archambault* v. *Mayor of Lowell,* 278 Mass. 327. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22.

There is nothing in the petitioners' contention that the mere submission of the lowest bid, accompanied by the required certified check, created a unilateral contract between James P. Hahesy Inc. and the city. *Edge Moor Bridge Works* v. *Bristol,* 170 Mass. 528. The cases of *Doty* v. *Lyman,* 166 Mass. 318, and *Jewett* v. *Mayor of Medford,* 233 Mass. 65, relate to the power of a mayor to veto legislative action by a board of aldermen. Those cases have nothing to do with his power to approve or disapprove a contract under the statute here involved.

*Decree affirmed with costs.*