PARK CONSTRUCTION CO., INC. vs. CITY OF BOSTON.

Suffolk.   February 9, 1968. — March 1, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Boston. Landlord and Tenant,* Bidding for lease.  *Municipal Corporations,* Lease of municipal property.

Where the Boston Real Property Board, after inviting proposals pursuant to St. 1946, c. 474, as amended, for a lease of a parking facility providing for an annual rent and for an "additional annual rent" in the amount by which one half of the lessee's annual gross income exceeded the annual rent, successively accepted the two highest of four proposals, but both bidders failed to enter into the lease, the board had the power then to reject the two remaining proposals as in its opinion too low and to readvertise for new proposals.

BILL IN EQUITY filed in the Superior Court on June 7, 1967.

The suit was heard by *Thompson,* J.

*Timothy J. Murphy* for the plaintiff.

*William H. Kerr* for the defendant.

WILKINS, C.J.   This bill in equity seeks an order that the Real Property Board of the city award to the plaintiff, as the highest responsible bidder, a contract for the operation of the public parking facility at 30 Kilby Street.   The suit was heard on a case stated.   From a final decree dismissing the bill, the plaintiff appealed.

The defendant, acting through the board, invited proposals for a lease of the facility for a term of three years from June 1, 1967, through May 31, 1970.   Four proposals were submitted.   The board first accepted the highest bid of an annual rent of $175,101, but the bidder failed to enter into the proposed lease.   The board then accepted the second highest bid of an annual rent of $148,675, but again the bidder failed to enter into the proposed lease.   The higher of the two remaining bids was that of the plaintiff which offered an annual rent of $131,000.   When accepting the second highest bid, the board voted that in case that bid

should not be accepted, the board would readvertise. This was done, and was in substance a rejection of the two remaining proposals. The board was of opinion that the plaintiff's rental proposal was too low.

The source of the board's authority is St. 1946, c. 474, § 3 (as amended through St. 1965, c. 203, §§ 3–5).[1]  By this the board had "the right to reject all proposals" and was required to lease "to the highest responsible bidder."

The plaintiff contends that as the statute does not authorize the rejection of "any and all" proposals,[2] the board had the right only to reject all proposals, and could not, after accepting the two highest, reject the remaining two. No case so holds. The contention is at variance with the board's duty at all times to act in the public interest. See *Larkin* v. *County Commrs. of Middlesex*, 274 Mass. 437, 439; *Archambault* v. *Mayor of Lowell*, 278 Mass. 327, 333–334; *Slocum* v. *Medford*, 302 Mass. 251, 254.

The plaintiff refers to a provision in the lease that beyond the rent bid in the proposal, there must be paid as "additional annual rent . . . that sum of money by which one-half of the Lessee's annual gross income exceeds the annual rent." This provision does not affect the result. The minimum annual rental is still an important factor. The "additional annual rent" affords an anchor to windward to save the public in case an improvidently low annual rental should be accepted by the board.

*Decree affirmed.*

---

[1] "Before leasing any land under this act, the board shall invite proposals therefor, by advertisements in at least one daily newspaper published in the city, once a week for at least two consecutive weeks, the last publication to be at least seven days before the time specified for the opening of said proposals. Such advertisements shall state the time and place where the form of lease and, if the term of the lease is to exceed five years, the plans and specifications, may be had and the time and place for opening the proposals in answer to said advertisements, and shall reserve to the board the right to reject all proposals. All such proposals shall be opened in public. No lease shall be made except to the highest responsible bidder as determined by the board. . . ."

[2] The invitation for proposals here went beyond the statute and contained the statement, "The [b]oard reserves the right to reject any and all proposals." We shall decide the case on the language of the statute.