Kenneth M. KUHN, Jr.

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

June 26, 1969.

Domenic P. Cuccinello, Thomaston, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

On September 2, 1965 Petitioner was sentenced to be confined to the Men's Reformatory (now the Men's Correctional Center) for an indefinite term. As his offense was a felony, such confinement might, in the discretion of the Parole Board, extend from one to three years, less good conduct time. 34 M.R.S.A. § 1673. Petitioner was released to parole June 1, 1966 but within a few days he had committed other crimes and was arrested on the new charges and lodged in jail June 16. On June 24 a Parole Violator's Warrant was issued against him which was never served as Petitioner was in the State's custody and on August 17 Petitioner was sentenced to serve one to two years in the Maine State Prison, concurrently, on each of the new charges and was committed. The sentencing Justice did not order the execution of the new sentences suspended pending completion of the old Reformatory sentence. 15 M.R.S.A. § 1702; M.R.Crim. P.Rule 32(a). On September 1 the Parole Board met at the Prison and revoked Petitioner's parole, remanding him to prison. The effect of this was to require Petitioner to serve the balance of his Men's Correctional Center sentence at the Prison before commencing service of the new sentence. 34 M.R.S.A. § 1676.

Petitioner filed his petition for the statutory Writ of Habeas Corpus (14 M.R.S.A. § 5501 et seq.), was found to be indigent and counsel was appointed to represent him. The issues raised concerned the construction of 34 M.R.S.A. §§ 1673 and 1676. The Single Justice found that because of the non-execution of the Parole Violation Warrant, Petitioner's parole had continued to run and that the new sentence had commenced before the Parole Board met and could not be interrupted by subsequent action of the Board. He held that the unexpired portion of the Reformatory sentence and the new Maine State Prison sentences were executed concurrently, ruled that Petitioner's sentences had been completed and ordered Petitioner released.

The State entered an appeal from this decree and Petitioner was released on bail

conditioned upon his appearance to answer and abide the judgment of this Court upon the appeal.

Shortly thereafter this Court, in Hartley v. State, Me., 249 A.2d 38 (1969), on precisely the same essential facts, decided most of the issues which this Petitioner was presenting on appeal. *Hartley* held that the non-execution of the Parole Violation Warrant against a parolee who was taken into custody on other charges did not terminate his first sentence, that the revocation of parole of a Reformatory parolee who had been sentenced to and was physically present at the Prison is properly considered at a Board Meeting held at the *Prison* and that 34 M.R.S.A. § 1676 which requires parolees to complete their first sentences (unless terminated by the Board) before beginning service of new sentences imposed for crimes committed while on parole had full application to Hartley.

The only issue raised by Petitioner which was not precisely determined by *Hartley* is his contention that 34 M.R.S.A. § 1676 applies only when the first sentence was to the *Prison* and does not therefore affect the situation of Reformatory parolees who have been sentenced to prison for crimes committed while on parole. *Hartley*, it will be remembered, was a Reformatory parolee as was Petitioner but this issue was not specifically raised by Hartley.

Section 1676 reads:

"Any parolee who commits an offense while on parole who is sentenced to the State Prison shall serve the 2nd sentence beginning on the date of termination of the first sentence, unless the first sentence is otherwise terminated by the board."

We find nothing in the language of § 1676 or in the obvious over-all legislative purpose which impels us to hold that the Legislature intended that Reformatory parolees who commit new crimes while enjoying the benefits of parole should be exempt from its provisions. When read in conjunction with the last clause of 34 M.R.S.A. § 1675 the legislative purpose to include Reformatory parolees appears clear.

Section 1675.

"* * * [W]hen a parolee from the Reformatory for Men violates the law and is sentenced by the court to the Maine State Prison, any length of time set by the board to be served of the unexpired portion of his reformatory sentence may be served at the Maine State Prison."

Appeal sustained. Petitioner ordered re-committed to Maine State Prison to complete the sentences imposed upon him on August 17, 1966 in the Superior Court of Cumberland County.

MARDEN, J., did not sit.