Richard W. HIGGINS

v.

Allan L. ROBBINS, Warden.

Supreme Judicial Court of Maine.

Oct. 29, 1970.

Paul L. Rudman, Bangor, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and WEBBER and POMEROY, JJ.

PER CURIAM.

This matter first came to our attention on petitioner's appeal from a decision below in the nature of a declaratory judgment. The decision appealed from had applied the principles enunciated in Hartley v. State (1969) Me., 249 A.2d 38 to the *Higgins* facts. Those facts are fully set

forth in Higgins v. Robbins (1970) Me., 265 A.2d 90, 94 in Appendix A and need not be repeated here. For technical reasons we were compelled to sustain the petitioner's appeal but at the same time the respondent's appeal, erroneously withdrawn, was reinstated. Terms were fixed for prosecution of this appeal and in accordance therewith that appeal is now before us on the supplemented record, the original briefs and a supplemental brief filed on behalf of the petitioner-appellee.

In the first *Higgins* we said, "Whether *Hartley* controls the instant case and whether the rule of *Hartley* should stand would appear to be the issues to be raised on respondent's appeal as on petitioner's appeal."

The *Higgins* facts and the *Hartley* facts raise precisely the same issues of law and *Hartley* governs unless overruled. We note that *Hartley* was followed in Kuhn v. State (1969) Me., 254 A.2d 591. We are satisfied that *Hartley* and *Kuhn* soundly reflect the law in Maine bearing upon the issues tendered on this appeal and we are not disposed to overrule them. It follows that a new decree should now be issued below declaring that the petitioner commenced service of the 1961 sentence when he had completed service of the prior sentence imposed on January 18, 1957, said sentences running consecutively as required by 34 M.R.S.A., Sec. 1676. Cressey v. State (1965) 161 Me. 295, 211 A.2d 572.

The entry will be

Appeal sustained. Remanded to the Superior Court for entry of declaratory judgment in accordance with this opinion.

MARDEN and WEATHERBEE, JJ., did not sit.