**Frederick E. BUTLER**

v.

**INHABITANTS OF the TOWN OF TREMONT.**

Supreme Judicial Court of Maine.

March 20, 1980.

---

Garth K. Chandler (orally), Bangor, for plaintiff.

Silsby & Silsby by Raymond L. Williams (orally), William S. Silsby, Jr., Ellsworth, for defendants.

Before McKUSICK, C. J., WERNICK, GODFREY and GLASSMAN, JJ., and DU-FRESNE, A. R. J.

GLASSMAN, Justice.

At a town meeting held on March 5, 1973, the inhabitants of the Town of Tremont duly authorized the town selectmen to enter into a three-year contract for snow removal and sanding, using the procedure of sealed bids and giving the selectmen authority to accept or reject all bids. Pursuant to this authorization, the selectmen solicited bids. The invitation to bid specified that the successful bidder would be required to submit a yearly performance bond and that the selectmen reserved the right to accept or reject any or all bids. The plaintiff, Frederick E. Butler, and three other contractors submitted sealed bids in compliance with the bidding procedure. On May 15, 1973, the selectmen voted to award the contract to the lowest bidder who could prove in writing his ability to secure a performance bond. The town manager informed the plaintiff that he was the low bidder and would be awarded the contract if he could furnish proof of bondability to the selectmen.

Four weeks later at the selectmen meeting of June 14, 1973, the town manager reported that the plaintiff had yet to provide him with any proof of bondability. The selectmen then voted to award the contract to another bidder subject to the

same condition of written proof of bondability. The contractor to whom the contract was awarded produced satisfactory evidence of bondability and performed the contract.

Three years later on May 3, 1976, the plaintiff filed a complaint in the Superior Court, Hancock County, against the then-sitting selectmen and the inhabitants of Tremont, seeking monetary damages on the ground that the defendants failed "to abide by the [s]tatutes and [c]ommon [l]aw in awarding contracts under sealed bid procedures . . . ." Following the dismissal of the individual selectmen, the case was tried jury-waived. In an opinion and order directing entry of judgment for the town, the Superior Court found that it was customary practice for the town to give successful bidders two weeks to secure satisfactory evidence of bondability and ruled that such a purchasing practice was permissible in light of the broad authority granted town managers by 30 M.R.S.A. § 2317(G). The court further found that the plaintiff had failed to present proof of bondability despite the fact that he had been given additional time to satisfy that condition. We affirm the judgment.

■ Section 2317(G) authorizes the town manager of a municipality to "[a]ct as purchasing agent for all departments, except the school department, provided that the town or the selectmen may require that all purchases greater than a designated amount shall be submitted to [sic] sealed bid." This statute grants the town manager broad authority to determine municipal purchasing practices. In the absence of a statute or ordinance prescribing a particular bidding procedure, the awarding of public contracts is left to the reasonable judgment of proper municipal authorities. *Archambault v. Mayor of Lowell*, 278 Mass. 327, 332, 180 N.E. 157, 159 (1932).

■ The plaintiff does not attack the propriety of the town's action in imposing a condition of bondability upon its award of the contract. Rather, he contends that a letter in his possession establishes bondability. The Superior Court ruled that contrary to the plaintiff's assertion the letter did not show he could be bonded. Since this finding was based solely upon a construction of the document, we are free to determine independently the correctness of the finding. *E. g., Northeast Investment Co. v. Leisure Living Communities Inc.,* Me., 351 A.2d 845, 854 (1976). The letter in question was sent by an agent of a bonding company to the plaintiff and provided in pertinent part:

> The company has advised us that their preliminary investigation would indicate that they could provide this bond. However, they need a copy of the contract, and a financial statement prepared by an accountant, before they would be in a position to definitely issue the bond.

■ The plaintiff discounts the significance of the requests made in this communication, arguing that it shows a commitment by the company to bond the plaintiff. Yet it is clear from the nature of the requests that the company made no commitment. The letter is plain that the decision to bond the plaintiff could not be made until the company could calculate its risk by reviewing the contract and the financial condition of the plaintiff. The presiding Justice correctly determined that this document was not proof of bondability.

■ In any event, the Superior Court Justice found that neither the letter nor a copy of the letter was ever shown to the town manager or left at the town office. Review of this finding based on oral testimony is governed by M.R.Civ.P. 52(a) which provides that findings "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." To demonstrate that factual findings are clearly erroneous, the appellant must show that such findings are not supported by credible evidence. *E. g., LaPointe Bros. v. Farrell*, Me., 363 A.2d 225, 228 (1976). Having carefully reviewed the record, we conclude that the findings of the Superior Court Justice are fully supported by credible evidence.

The entry is:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat by assignment.

NICHOLS, J., did not sit.