### GERALD SEIGARS TRUCKING, INC.

v.

### TOWN OF DRESDEN.

Supreme Judicial Court of Maine.

Argued Sept. 15, 1987.

Decided Oct. 5, 1987.

John F. Shepard, Jr., (orally), Shepard & Shepard, Freeport, Richard Hornbeck, Brunswick, for plaintiff.

John W. Bernotavicz, D. Michael Frink, (orally), Curtis, Thaxter, Stevens, Broder & Micoleau, Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff Gerald Seigars Trucking, Inc. ("Seigars") appeals from a summary judgment granted to the defendant Town of Dresden (Dresden) by the Superior Court, Lincoln County, on an action by Seigars seeking damages from Dresden for its breach of a contract alleged to have been entered into by the parties on April 13, 1985. Because our review of the record clearly establishes as a matter of law that no contract was entered into by the parties, we affirm the judgment.

■ The pleadings, depositions, affidavits and documents submitted in support of the motion for summary judgment filed by each of the parties establish the following facts as undisputed. On April 13, 1985, the selectmen of Dresden held a meeting to discuss the bids received by Dresden for its snowplowing and sanding contract. The specifications required certain listed equipment to be used by a bidder in the performance of the contract and specified that the equipment be inspected by the municipal officers prior to the award of the contract. The minutes of the April 13 meeting reflect that an officer of Seigars attended that meeting. Seigars' bid was lower than that of the only other bidder, but unlike the other bidder Seigars did not have the equipment listed in the bid specifications as necessary to perform the contract. Seigars' officer told the selectmen that it could obtain the equipment within 45 days, "if [it] were to be awarded the contract." [1] The selectmen voted "that the contract be awarded to Gerald Seigars [Trucking, Inc.] June 1, if [it] has met all of the requirements for snowplowing and sanding as stated in the [bidding instructions]."

At a meeting attended by officers of Seigars on April 20, the selectmen reconsidered the decision to delay the awarding of the contract, determined it was in the best interest of the town to accept the other bid, and awarded the contract to the other bidder, whose equipment met the bid specifications. As of April 20, Seigars had not acquired the equipment necessary to meet the specifications set forth in the bid instructions or to give it the ability to perform the contract.[2]

■ On appeal Seigars asserts that the April 13 vote of the selectmen was an award of the contract to Seigars as of that date. The validity of an act of a municipality depends on the fact that it was regularly passed by the council or board authorized to take that action. 4 *McQuillen Mun. Corp.* § 13.43 at 755 (3rd ed. 1985). In this case we look to the April 13 meeting of the Board of Selectmen, when the bids were opened and discussed. The minutes of that meeting are the only available written record of those proceedings. The minutes reveal that the selectmen voted to

---

1. Seigars' bid was clearly not in substantial compliance with the bidding instructions. While slight technical irregularities do not justify rejecting a bid, noncompliance with a substantial requirement affecting the amount of the bid places bidders on unequal footing. The general rule in municipal law requires that the municipality reject such nonconforming bids. 10 *McQuillen Mun. Corp.* § 29.65 at 370, § 29.79 at 417–18 (3rd ed. 1981). *See also* 10 *McQuillen Mun. Corp.* § 29.68 at 385 (3rd ed. 1981 & Supp. 1986) and *Nielson v. Womer*, 46 Pa.Commw. 283, 406 A.2d 1169, 1171 (1979) ("[A] defective bid cannot be remedied once the bids have been opened.").

2. *See Butler v. Inhabitants of Town of Tremont*, 412 A.2d 385 (Me.1980). In *Butler*, plaintiff contractor was low bidder for a three year contract for snow removal. Plaintiff was informed he would be awarded the contract on condition that he provide written proof of a performance bond. When plaintiff did not furnish this proof within four weeks, the town selectmen awarded the contract to another bidder. In affirming the Superior Court's finding that plaintiff had not provided the selectmen with proof of bondability, we noted that absent laws prescribing a particular bidding procedure, the awarding of public contracts is left "to the reasonable judgment of proper municipal authorities." *Id.* at 387 (citing *Archambault v. Mayor of Lowell*, 278 Mass. 327, 332, 180 N.E. 157, 159 (1932)).

delay the award of the contract until June 1 in order to give Seigars an opportunity to obtain the equipment necessary to meet the specifications set forth in the bid instructions. The selectmen did not promise to hold the offer open until June 1. Although the minutes indicate that the original purpose of the April 13 meeting was to determine who would receive the contract, there is no suggestion that Dresden at that time entered into a contract with Seigars. *See State v. Town of Franklin,* 489 A.2d 525, 528 (Me.1985); and *Sirois v. Town of Frenchville,* 441 A.2d 291, 294–95 (Me. 1982).

Accordingly, we hold the Superior Court properly entered summary judgment for the Town of Dresden.

The entry is:

Judgment affirmed.

All concurring.