James M. DINEEN d/b/a
Dineen Bus Lines

v.

TOWN OF KITTERY.

Supreme Judicial Court of Maine.

Argued Jan. 18, 1994.
Decided Feb. 15, 1994.

Susan J. Parcels (orally), Chute & Allen, P.A., Portland, for plaintiff.

Duncan McEachern (orally), McEachern & Thornhill, Kittery, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

James M. Dineen appeals from the judgment entered in the Superior Court (York County, *Lipez, J.*) affirming the decision by the Kittery School Committee (the "Town") to award another company a contract to transport the Town's children to and from school. Dineen contends that the School Committee failed to follow the statutory bidding process, denied him due process by refusing to allow him to speak at the public

meeting held to award the contract, and generally treated him unfairly. We agree with the Superior Court that Dineen has failed to establish any ground for judicial intervention, and we therefore affirm the judgment of the Superior Court.

In January 1991, the Kittery School Committee issued invitations to bid on a transportation contract to carry its students to and from school. The School Committee reserved the right to accept or reject any bid, including the low bid, "for reasons deemed to be in the best interest of the school system." Two companies submitted bids—McCrillis Transportation, and Dineen Bus Lines. Dineen's bid was lower by approximately $30,000 per year. The School Committee, through Robert Seymour, its business manager, investigated the two companies. Seymour inspected the equipment owned by the companies, checked their insurance coverage, investigated the qualifications of the companies' drivers, and requested three letters of recommendation from previous clients. Seymour found McCrillis satisfactory in all departments, but uncovered serious questions about Dineen's ability to perform the contract in a safe manner.

The Committee held a public hearing to award the contract. After listening to the business manager's report and discussing the relative merits of the bids, the Committee voted to award the contract to McCrillis. Dineen asked to be heard, but was refused because the public comment portion of the meeting had already taken place. Dineen appealed to the Superior Court which affirmed the decision of the School Committee.

■ Dineen's arguments can be divided into two categories: (1) the Committee violated the bidding statute; and (2) the Committee violated Dineen's right to due process. First, the school transportation contract bidding statute directs school committees to "conserve the comfort, safety and welfare of the students conveyed." 20–A M.R.S.A. § 5401(12) (1993). As a general rule, courts will interfere with a municipal body's award of a contract only if there is fraud, favoritism, or corruption. See *Irwin Marine, Inc. v. Blizzard, Inc.*, 126 N.H. 271, 490 A.2d 786, 789 (1985). See also *Para/Medical Supplies,*

*Inc. v. City of Cambridge,* 14 Mass.App.Ct. 86, 436 N.E.2d 986, 989 (1982) (court will interfere only if it finds fraud, bad faith, or an arbitrary and capricious decision by the municipal body). Dineen alleges none of those things. The Committee's investigation was not unfair. As the Superior Court observed, the Committee not only had the right, it had the responsibility to ensure that the company to which it awarded the contract would be reliable. 20–A M.R.S.A. § 5401(12) ("Transportation provided shall conserve the comfort, safety and welfare of the students conveyed."); *Boydston v. Napa Sanitation Dist.,* 222 Cal.App.3d 1362, 272 Cal.Rptr. 458, 463 (1990) (public body must determine if bidder is qualified); *Para/Medical Supplies,* 436 N.E.2d at 989–90 (decision of city upheld *because* it investigated the bidders before awarding the contract). Dineen has failed to demonstrate that the Committee did not fulfill its obligation to accord both bidders just consideration and exercise honest discretion in choosing between them.

■ Dineen argues that by awarding a five-year contract when the proposals submitted by the bidders only explicitly provided figures for the first three years, the Committee violated its statutory obligation to award the contract only through a competitive bidding process. We disagree. A five-year contract complies with the statutory limit on contract duration, 20–A M.R.S.A. § 5401(13)(A), and the invitation to bid reserved the right to extend the contract two additional years. The bid submitted by McCrillis provided that the charge for transportation service would increase by four percent annually in the second and third years. It is reasonable for the Committee to have interpreted the bid to include the same increase in the fourth and fifth years. Absent fraud, favoritism or corruption, we will not interfere with the School Committee's interpretation of the bids submitted.

■ Dineen further argues that the Committee violated his right to due process by refusing to let him speak at the public meeting at which the contract was awarded. In general, due process is a flexible concept providing varying procedural protections de-

pending on the context. *Fichter v. Board of Envtl. Protection*, 604 A.2d 433, 436–37 (Me. 1992). Assuming, without deciding, that Dineen had some property interest at stake, the evidence shows that Dineen had ample opportunity to present his position to the Committee. The Committee's business manager corresponded with Dineen regarding the Committee's concerns, but Dineen was uncooperative. Denying Dineen an opportunity to speak at the final hearing, after the pre-established time for public comment had passed, did not deny Dineen the opportunity to be heard in light of the earlier missed opportunities to present his case.

The entry is:

Judgment affirmed.

All concurring.