STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-150
~J,~~-~~(~~)- 1/7/2013

HARDYPOND CONSTRUCTION,

Plaintiff

v.                                          ORDER

UNIVERSITY OF MAINE SYSTEM, et al,

Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

MAY 0 2013

RECEIVED

Before the court is plaintiff Hardypond Construction's motion for an injunction enjoining the defendant University of Maine System from executing three contracts with any bidder other than Hardypond; enjoining the University System from issuing a notice of authorization for other bidders to proceed on those contracts; and requiring the University System to award those contracts to Hardypond.

The court has reviewed the papers submitted by Hardypond in support of its motion for an injunction, the opposition papers submitted by the University System and the contractors (named as parties in interest) who were awarded the contracts in question; and Hardypond's reply memorandum.

The four criteria for preliminary injunctive relief were most recently set forth in Bangor Historic Track v. Department of Agriculture, 2003 ME 140 ¶ 9, 837 A.2d 129. A failure to meet any one of those criteria requires that injunctive relief be denied. Id. ¶ 10. In this case the court concludes that Hardypond has fallen short in demonstrating a likelihood of success on the merits. Accordingly, it does not need to consider whether Hardypond has met the other three criteria – that in the absence of an injunction

Hardypond will experience irreparable harm, that the harm to Hardypond will outweigh any harm experienced by other parties if an injunction is issued, and that the public interest will not be adversely affected by the granting of injunctive relief.

Likelihood of Success

Count I of Hardypond's complaint seeks review under the Maine Administrative Procedure Act. However, the University System is not a state agency for purposes of the APA. See 5 M.R.S. § 8002(2). Moreover, although Hardypond is requesting an injunction that the three contracts in question be awarded to Hardypond, that remedy appears to be unavailable under Carroll F. Look Construction Co. Inc. v. Town of Beals, 2002 ME 128 ¶ 9, 802 A.2d 994, which sets forth the general rule that an advertisement soliciting bids is not an offer but rather a request for offers that may be accepted or rejected. Thus, although count II of Hardypond's complaint alleges that the University System breached an implied contract to fairly evaluate Hardypond's bid, the Look decision demonstrates that no contractual obligations exist until and unless a contractor's bid is accepted, and Hardypond's bid was not accepted here.

Hardypond has not provided any authority that would permit the court to require the University System to accept its bids.[1] Moreover, even if judicial review of the University System's decision not to award the three contracts in question to Hardypond

---

[1] Contrary to one of the contentions made by the University System, the court agrees with Hardypond that, for purposes of the public contracts statutes in chapter 153 of Title 5 (as opposed to the APA), the University System is a state agency. See 5 M.R.S. § 1741; 20-A M.R.S. § 10903. But see 5 M.R.S. § 1742-C. However, Hardypond has not pointed to any provision in chapter 153 that would require the University System to award the contracts in question to Hardypond. Hardypond points to a document entitled University of Maine System Capital Projects Procedures which states that the "lowest responsive and responsible bidder" will be awarded the contract. As discussed below, however, even if that document is judicially enforceable, the court concludes on this record that the University System had a sufficient basis to determine that Hardypond was not a responsible bidder.

2

were available notwithstanding the inapplicability of the Administrative Procedure Act,[2] there is substantial evidence in the record to support the University System's determination that although Hardypond submitted the lowest bids, it was not the lowest responsible bidder. This is because Hardypond had just been terminated by the University System on March 4, 2013 from a Law School contract based on numerous alleged contractual violations, including failure to complete the work in a timely fashion, failure to perform the work in accordance with the contract documents, and failure to take reasonable precautions to avoid damage to the work.

Hardypond has responses to all of University System's contentions that it violated its obligations under the Law School contract and has sought arbitration on what it alleges was an improper termination of the Law School contract. However, the court is obliged to uphold an administrative decision so long there is substantial evidence to support that decision and so long as the decision is not arbitrary or capricious, even if the court would not reach the same decision if it were deciding the issue in the first instance. In this case, Hardypond's very recent termination from the Law School contract constitutes substantial evidence to support the University System's decision that Hardypond was not the lowest responsible bidder and Hardypond has not shown that it is likely to succeed on a claim that the University System's reliance on the termination of the Law School contract was arbitrary and capricious.

A second reason why Hardypond has not shown a likelihood of success is that the Law Court has stated that as a general rule, courts will interfere with a public entity's award of a contract "only if there is fraud, favoritism, or corruption." Dineen v.

---

[2] Count III of Hardypond's complaint seeks a declaratory judgment that Hardypond is a responsible bidder in connection with the three contracts in question "and on future [University] bids." The court reserves decision as to whether this authorizes review of the contract award in this case but will assume that it does for purposes of the motion for injunctive relief.

3

Town of Kittery, 639 A.2d 101, 102 (Me. 1994). Although Hardypond strenuously contends that it should not have been terminated on the Law School contract, none of its arguments even remotely suggest that the University System's decisions to terminate that contract or to reject Hardypond's bids on the three contracts at issue in this case were tainted by fraud, favoritism, or corruption.

Finally, Hardypond's request for an injunction here – and its belatedly filed request for an evidentiary hearing – would require the court to litigate whether Hardypond was properly terminated on the Law School contract. This is an issue on which Hardypond has sought arbitration and on which the applicable contract, as the court understands it, requires binding arbitration. It would be inappropriate for the court to pre-empt the arbitration process by litigating the very same issues that will be heard before the arbitrator.

The entry shall be:

Plaintiff's motion for an injunction is denied. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 6, 2013

Thomas D. Warren
Justice, Superior Court

4

HARDYPOND CONSTRUCTION VS UNIVERSITY OF MAINE SYSTEM ET AL
CASE #:PORSC-CV-2013-00150

---

SEL VD                                    REPRESENTATION TYPE      DATE
01 002126 ATTORNEY: CLOUTIER, JAMES F
ADDR: 465 CONGRESS ST STE 8 PORTLAND ME 04101
   F FOR: DOTENS CONSTRUCTION                PII      RTND  04/19/2013

02 007741 ATTORNEY: HODGINS, MICHAEL
ADDR: 146 CAPITOL ST PO BOX 5057 AUGUSTA ME 04332-5057
   F FOR: ABJ GENERAL CONTRACTOR INC         PII      RTND  04/30/2013

03 007145 ATTORNEY: RUESCH, ROBERT A
ADDR: ONE PORTLAND SQUARE PO BOX 586 PORTLAND ME 04112-0586
   F FOR: HARDYPOND CONSTRUCTION              PL       RTND  04/08/2013

04 009024 ATTORNEY: PELLEGRINI, ANTHONY D
ADDR: 84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401
   F FOR: UNIVERSITY OF MAINE SYSTEM          DEF      RTND  04/22/2013