STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP -2016-61

ELLIS CONSTRUCTION, INC,
          Petitioner,

v.

TOWN OF FARMINGDALE,
          Respondent

**DECISION AND ORDER
AFTER REMAND**

This matter is before the court following remand to the Town of Farmingdale Select Board. This matter is an appeal, pursuant to M.R.Civ.P. 80B, of the decisions of the Farmingdale Select Board to reject the Petitioner's bids for the Town's "Roadside Mowing" and "Sewer Maintenance" contracts. In an Order dated April 18, 2017, the court remanded this matter to the Select Board "to state the factual reasons for its decision of September 7, 2016 to reject the Petitioner's bids for the Roadside Mowing and Sewer Maintenance contracts and supplement the record with those factual findings."

On April 27, 2017, the Petitioner filed a Motion to Reconsider, which was denied on May 30, 2017.

## SUPPLEMENTAL FACTUAL BACKGROUND

Following the remand in this case, the Farmingdale Select Board met in a public meeting on May 3, 2017. Counsel for the Petitioner attended the meeting, as did counsel for the town. Counsel for the town explained to the members of the Select Board the court's remand order of April 18, 2017. Counsel for the Petitioner, Ellis Construction, Inc., briefly addressed the

1

Select Board and asked that it take into consideration "letters that are submitted by citizens of your town." (Supplemental Record, S. R. at 28). Alternatively, "[i]f the Board decides to not consider those letters, then I would just urge you to not consider any new facts if the idea is that we're not going to be adding new facts to the record." (*Id.*) The transcript of the May 3, 2017 Select Board meeting indicates that the Board did not accept the letters for consideration.

The town's attorney then reminded the members of the Select Board that two RFP's had been issued in the summer of 2016 – one for roadside mowing and the other for sewer maintenance. At the Select Board's meeting of September 7, 2016 the Board voted to reject the bids submitted by the Petitioner on the Roadside Mowing and the Sewer Maintenance RFP's, notwithstanding the fact that those were the lowest bids. (S.R. at 29). *See* Order of April 18, 2017. The town's attorney then asked the members of the Select Board to "voice" for the record the reason(s) for the earlier rejection of the Petitioner's bids.

With respect to the rejection of the Petitioner's bid on the Sewer Maintenance RFP, the Select Board explained that the town was "in litigation concerning the sewer contract with Ellis Construction . . ." and it would be "very difficult" to have an on-going contractual relationship with an adverse party. (S.R. at 29-31). The same reason was expressed by the Select Board for its rejection of the Petitioner's bid on the Roadside Mowing RFP, namely, that the working environment with a party who was in active litigation with the town "would be . . . very hostile," not "productive," and "[e]xtremely uncomfortable." (S.R. at 31-32).

Following the May 3, 2017 meeting, the town's attorney drafted proposed findings for the Select Board to review and approve, which it did

2

on May 17, 2017. (S.R. at 42-43). Specifically, the Select Board found, with respect to both the Sewer Maintenance and Roadside Mowing bids submitted by the Petitioner, that "Ellis Construction served a civil complaint on the Town of Farmingdale on January 7, 2016 alleging breach of contract for allegations pertaining to the 2013 Sewer Inspection, Repair and Maintenance contract." As to the rejection of both bids, "[t]he Board finds that entering into a new contract with an existing adverse party would not be in the best interest of the Town and therefore finds that Ellis Construction is currently not a Qualified Bidder for the Sewer Maintenance [and] Road Side Mowing contract[s]." (*Id.*)

The parties submitted the Supplemental Administrative Record on September 13, 2017. The Petitioner's Supplemental Brief was filed on the same day. The Town's Supplemental Brief was filed on October 12, 2017.

## STANDARD OF REVIEW

Generally speaking, in an appeal pursuant to M.R.Civ.P. 80B the court reviews the decision of the local administrative agency to determine if the agency "exceeded the bounds of discretion, committed errors of law, or made findings of fact that are not supported by substantial evidence contained in the record before the administrative agency." *Quiland, Inc. v. Wells Sanitary Dist.,* 2006 ME 113, ¶ 15, 905 A. 2d 806. The court's review is limited to the "record of the proceedings before the governmental agency." M.R.Civ.P. 80B(f). The burden of persuasion rests with the party seeking to vacate the agency's decision. *Bizier v. Town of Turner,* 2011 ME 116, 8, 32 A. 3d 1048.

3

Moreover, in the context of a municipality's decision to award a contract for goods or services, the Law Court has held that "[a]s a general rule, courts will interfere with a municipal body's award of a contract only if there is fraud, favoritism, or corruption." *Dineen v. Town of Kittery*, 639 A.2d 101, 102 (Me. 1994). The high level of deference to a municipality's purchasing decisions appears to be well-established. *See,e.g., Gerald Seigars Trucking, Inc. v. Dresden*, 531 A.2d 1023, 1024, n. 2 (Me. 1987); *Butler v. Tremont*, 412 A.2d 385, 387 (Me. 1980)(absent a statute or ordinance providing otherwise, "the awarding of public contracts is left to the reasonable judgment of proper municipal authorities"). A number of Superior Court decisions recognize the "considerable discretion" a municipality (or other public agency) has "when it comes to deciding what constitutes [its] 'best interest' in awarding a contract." *Maietta Construction, Inc. v. City of Portland*, 2005 Me. Super. LEXIS 48, *5 (2/2/2005) (Cole, J.). *See also Hardypond Construction v. University of Maine System,* 2013 Me. Super. LEXIS 48, *6 (5/6/2013) (Warren, J.); *Warren Mechanical, Inc. v. Carvel Co.*, 1997 Me. Super. LEXIS 94, *20 (3/18/1997) (Saufley, J.) ("courts will not interfere lightly in the actions of a public body engaged in a bidding procedure").

4

## DISCUSSION

The Petitioner argues that the Select Board's action on remand was an abuse of discretion because its ultimate finding that Ellis Construction was not a qualified bidder "is an after-the-fact fix based on the advice and lead of counsel." *Petitioner's Supplemental Brief* at 3. The Petitioner insists that "the Town is obligated to follow a competitive bidding process whereby the lowest qualified bidder wins." *Id.* at 3-4. Closely related to this argument is the Petitioner's assertion that the Town of Farmingdale had no discretion to reject its bids and that it was deprived of procedural due process by the Select Board's refusal to accept additional evidence or to allow counsel for the Petitioner to be heard at the May 3, 2017 meeting.

The court disagrees. Farmingdale's code of ordinances makes it unmistakably clear that "[b]ids are offers made to the Town to do the work described in the invitation to bid," and "[t]he Board of Selectmen is not obligated to accept any bid, and may reject all bids." Article 2, §2-201(2)(A). The Select Board is granted substantial discretion in accepting and/or rejecting a bid to provide services to the town. The Select Board was not obligated to award the contracts to the Petitioner under circumstances where it knew that the town had already been sued by the Petitioner for

5

breach of contract in relation to its previous award of the Sewer Maintenance contract.

The Select Board was not required to turn a blind eye to the reality that it was in active litigation with the Petitioner, nor was it mandated to do more business with such an adverse party. It was obvious to the court from its reading of the original administrative record that the Select Board was seriously considering the rejection of the Petitioner's bid proposals, but wanted to consult with counsel on the issue. *See* Order of April 18, 2017 at 5. It is reasonable to conclude from the record that the Select Board did not want to make public statements about a bidder (the Petitioner) who had already sued the town and was litigating with it about a previous contract. As a result, it construed its ordinances to allow it to reject the Petitioner's bids without articulating a reason on the public record.

This court's remand order did not in any way suggest that the Select Board lacked the discretion to reject the Petitioner's bids. Rather, the court could not conduct meaningful judicial review of the record without an explanation of the reason for the Select Board's action. The Select Board has complied with the court's remand order, and the court is satisfied that the Select Board's decision to reject the Petitioner's bids because of the on-going litigation with the town, was not an abuse of discretion.

Finally, the court rejects the Petitioner's argument that its due process rights were violated by the Select Board. *See Carroll F. Look Constr. Co v. Town of Beals,* 2002 ME 128, ¶16, 802 A.2d 994. *See also Budget Business Machines v. Wells/Ogunquit School District,* 2017 Me. Super. LEXIS 65, *10, n. 5 (5/15/2017) (O'Neil, J.).

## CONCLUSION

The entry is:

Petitioner's Appeal pursuant to M.R.Civ.P. 80B is DENIED.

The Clerk is directed to incorporate this Order by reference in the docket in accordance with M.R.Civ.P. 79(a).

DATE: November 3, 2017.

William Stokes
Justice, Superior Court

7